IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ALAN KEITH MERRITT                                                                                      PLAINTIFF

vs.                                        Civil No. 6:12-cv-06097

CAROLYN COLVIN                                                                                         DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Alan Keith Merritt ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff's applications for DIB and SSI were filed on June 15, 2009.  (Tr. 11, 109-115). Plaintiff alleged he was disabled due to back and neck pain, arthritis in back, and bi-polar. (Tr. 149). Plaintiff alleged an onset date of February 6, 2009.  (Tr. 149).  These applications were denied initially and again upon reconsideration.  (Tr. 51-62).  Thereafter, Plaintiff requested an

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages for this case are referenced by the designation "Tr."

administrative hearing on his applications and this hearing request was granted. (Tr. 65-66).

Plaintiff's administrative hearing was held on July 28, 2010. (Tr. 27-43). Plaintiff was present and was represented by counsel, Sherry McDonough, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Tyra Watts testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty (40) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a high school education and one year of college. (Tr. 34).

On November 18, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 11-19). In this decision, the ALJ determined Plaintiff met the insured status of the Act through December 31, 2010. (Tr. 13, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 6, 2009, his alleged onset date. (Tr. 13, Finding 2). The ALJ then determined Plaintiff had the severe impairment of degenerative disc disease of the cervical and lumbar spine. (Tr. 13, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 14-18). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the full range of sedentary work. (Tr. 14, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18, Finding 6). The ALJ found Plaintiff able to perform his PRW as a communications center operator. *Id.* The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, from February 6, 2009,

through the date of his decision.  (Tr. 18, Finding 7).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 5).  *See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On July 31, 2012, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on August 14, 2012.  ECF No. 5.  Both Parties have filed appeal briefs. ECF Nos. 8, 9.  This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*,

3

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ erred: (A) by failing to find Plaintiff met a Listing, (B) in assessing Plaintiff's credibility, and (C) in failing to properly evaluate Plaintiff's mental impairment. ECF No. 8, Pgs. 9-18. In response, the Defendant argues the ALJ did not err

in any of his findings.  ECF No. 9.

### A. Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities.  A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities.  *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations.  These impairments included degenerative disc disease of the cervical and lumbar spine. (Tr. 13, Finding 3).  However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments.  *See* 20 C.F.R. pt. 404, subpt. P, app.1.  Plaintiff has the burden of establishing that his impairment(s) meet or equal an impairment set out in the Listing of Impairments.  *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990).  Plaintiff has not met this burden.

Plaintiff argues he meets Listing 1.04 for Disorders of the Spine.  In order to meet Listing 1.04, Plaintiff must have a disorder of the spine resulting in compromise of a nerve root, with:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss, sensory or reflex loss, and if the lower back is involved, a positive straight-leg raising test; or
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every two hours; or
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging.

There was no medical evidence, nor did Plaintiff set out any medical evidence, showing Plaintiff suffered from a nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis which resulted in pseudoclaudication as set forth in Listing 1.04. Plaintiff's argument that he meets Listing 1.04 is that he has complaints of chronic back pain. ECF No. 8, Pg. 10-12. Whether Plaintiff meets a listed impairment is a medical determination and must be established by medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1525(c), 404.1526(b), 416.925(c), 416.926(b). Plaintiff has not met this burden.

I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

### B. ALJ's Credibility Determination

Plaintiff also claims the ALJ erred in his credibility determination. ECF No. 8, Pages 13-15. Specifically, Plaintiff claims the ALJ erred by failing to make specific findings as to the relevant evidence considered in deciding to discredit Plaintiff's testimony. *See id.* In response, Defendant argues that the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 9, Pages 6-12.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing his credibility as it related to the limiting effects of his impairments and did not fully consider his subjective complaints as required by *Polaski*.  The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's

7

subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski*, 20 C.F.R. § 404.1529, and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 14-18). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, and (4) Plaintiff's medication has been effective in controlling his symptoms with few reported side effects. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

### C. Evaluation of Mental Impairment

Plaintiff argues he suffers from major depression, bipolar disorder, anger outbursts, manic episodes, and anxiety and these conditions result in a severe mental impairment. ECF No. 8, Pg. 15-17. In support of this argument, Plaintiff relies on his hearing testimony stating he has become withdrawn and lacks concentration, and the findings of consultative psychologist Dr. Glenn Lowitz who found Plaintiff was depressed, lacks concentration and had trouble getting along with people. *Id.*

In this matter, the objective medical evidence does not show Plaintiff had severe mental impairments. As the ALJ found, despite a claim of bipolar disorder, Plaintiff does not receive any regular psychiatric treatment. (Tr. 13). In fact, Plaintiff manages his condition through the use of prescription medication which is prescribed by his primary care physician Dr. Tom Hollis. *Id.* During a November 14, 2009 consultative exam with Dr. Michael Spataro, Plaintiff indicated he was

not having psychiatric problems and did not appear to be anxious or depressed. (Tr. 346-348).

I find substantial evidence supports the ALJ's determination that Plaintiff did not have a severe mental impairment.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **23rd day of July 2013.**

                                                  /s/   Barry A. Bryant
                                                  HON. BARRY A. BRYANT
                                                  U. S. MAGISTRATE JUDGE